## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH CHIN, On Behalf of Herself and All Others Similarly Situated, | : | Civil Action No. 04-CV-10294-DPW |
| | : | |
| Plaintiff, | : | Hon. Douglas P. Woodlock |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| INFORMATION DYNAMICS, LLC, On Behalf of Itself and All Others Similarly Situated, | : | Civil Action No. 04-CV-10308-DPW |
| | : | |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF SAVERIO PUGLIESE FOR CONSOLIDATION AND FOR APPOINTMENT OF LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL

| | | |
|---|---|---|
| MICHELLE TREBITSCH, On Behalf of Herself and All Others Similarly Situated, | : | Civil Action No. 04-CV-10307-DPW |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |
| PETER KALTMAN, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 04-CV-10309-DPW |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |
| SAMANTHA DEN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 04-CV-10310-DPW |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |

| | |
|---|---|
| RICHARD CURTIS, on Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>           v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL,<br><br>               Defendants. | Civil Action No. 04-CV-10314-MLW<br><br>Hon. Mark L. Wolf |
| RONALD KASSOVER, on Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>           v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL,<br><br>               Defendants. | Civil Action No. 04-CV-10329-DPW<br><br>Hon. Douglas P. Woodlock |
| STEVE L. BAKER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>           v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL,<br><br>               Defendants. | Civil Action No. 04-CV-10333-DPW<br><br>Hon. Douglas P. Woodlock |

MICHAEL KAFFEE, on Behalf of
Himself and All Others Similarly
Situated,

                Plaintiff,

            v.

SONUS NETWORKS, INC., HASSAN
AHMED, and STEPHEN J. NILL,

                Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 04-CV-10345-DPW

Hon. Douglas P. Woodlock

---

HAIMING HU, Individually and on
Behalf of All Others Similarly Situated,

              Plaintiff,

            v.

SONUS NETWORKS, INC., HASSAN
AHMED, and STEPHEN J. NILL,

                Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 04-CV-10346-DPW

Hon. Douglas P. Woodlock

---

CHARLES STARBUCK, Individually
and on Behalf of All Others Similarly
Situated,

              Plaintiff,

            v.

SONUS NETWORKS, INC., HASSAN
AHMED, and STEPHEN J. NILL,

                Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 04-CV-10362-DPW

Hon. Douglas P. Woodlock

| | | |
|---|---|---|
| SAMUEL HO, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 04-CV-10363-DPW |
| | : | |
| Plaintiff | : | Hon. Douglas P. Woodlock |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| JEFFREY C. RODRIGUES, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 04-CV-10364-DPW |
| | : | |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ROBERT CONTE and MARK RESPLER, On Behalf of Themselves and all Others Similarly Situated, | : | Civil Action No. 04-CV-10382-DPW |
| | : | |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING, On Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL,<br><br>        Defendants. | : : : : : : : : : : : : : : : : : | Civil Action No. 04-CV-10383-DPW<br><br>Hon. Douglas P. Woodlock |
| BRIAN CLARK, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED and STEPHEN J. NILL,<br><br>        Defendants. | : : : : : : : : : : : : : | Civil Action No. 04-CV-10454-DPW<br><br>Hon. Douglas P. Woodlock |
| SHEILA BROWNWELL, On Behalf of Herself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL,<br><br>        Defendants. | : : : : : : : : : : : : : : | Civil Action No. 04-CV-10597-DPW<br><br>Hon. Douglas P. Woodlock |

| | | |
|---|---|---|
| SAVERIO PUGLIESE, On Behalf of Himself and All Others Similarly Situated, | : : : | Civil Action No. 04-CV-10612-DPW |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : : | |
| v. | : : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : : : | |
| Defendants. | : : | |

| | | |
|---|---|---|
| DAVID V. NOCITO, On Behalf of Himself and All Others Similarly Situated, | : : : | Civil Action No. 04-CV-10623-DPW |
| | : | Hon. Douglas P. Woodlock |
| Plaintiff, | : : | |
| v. | : : | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN J. NILL, | : : : | |
| Defendants. | : : | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................................ ii

I.    PRELIMINARY STATEMENT ........................................................................1

II.   STATEMENT OF FACTS...............................................................................2

III.  OVERVIEW OF APPLICABLE LAW ...........................................................3

IV.   THE ACTIONS SHOULD BE CONSOLIDATED.........................................4

V.    THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ....................................................................................................6

   A. The Proposed Lead Plaintiff's Motion to Serve as Lead Plaintiff is Timely.....................7

   B. The Proposed Lead Plaintiff Is Believed To Have the Largest Financial Interest in the Relief Sought by the Class.........................................................................................7

   C. The Proposed Lead Plaintiff Satisfies the Requirements of Rule 23.................................9

      (1)   The Propsed Lead Plaintiff's Claims are Typical of the Claims of the Class ..........10

      (2)   The Proposed Lead Plaintiff Will Fairly and Adequately Represent the Interests of the Class.................................................................................................................10

   D. The Court Should Approve Proposed Lead Plaintiff's Choice of Lead Counsel and Liaison Counsel ..............................................................................................................11

VI.   CONCLUSION ............................................................................................11

# TABLE OF AUTHORITIES

*Fields v. Biomatrix, Inc.,*
    198 F.R.D. 451 (D.N.J. 2000)..................................................................................9, 10

*Howard Gunty Profit Sharing Plan v. Carematrix Corp.,*
    No. C.A. 99-12318-MLW, 2000 WL 33348124 (D. Mass. Aug. 15, 2000) ............................6

*Lax v. First Merchants Acceptance Corp.,*
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)......................................8

*In re Lernout & Hauspie Sec. Litig.,*
    138 F. Supp. 2d 39 (D. Mass. 2001) ...............................................................9

*In re Lucent Tech., Inc. Sec. Litig.,*
    221 F. Supp. 2d 472 (D.N.J. 2001)............................................................6, 9

*In re Milestone Scientific Sec. Litig.,*
    183 F.R.D. 404 (D.N.J. 1998).............................................................8, 9, 10

*In re Party City Sec. Litig.,*
    189 F.R.D. 91 (D.N.J. 1999).............................................................9, 10

*In re PRI Automation, Inc. Sec. Litig.,*
    145 F. Supp. 2d 138 (D. Mass. 2001) ...................................................6

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)..........................................................................*Passim*
15 U.S.C. § 78u-4(e)..........................................................................7, 8

## RULES

FED. R. CIV. P. 23(a) ..........................................................................9
FED. R. CIV. P. 42(a) ..........................................................................6

## OTHER

H.R. REP. NO. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 ...............................................8

S. REP. NO. 104-98 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 679 ...............................................8

Proposed lead plaintiff Saverio Pugliese ("Pugliese") ("Proposed Lead Plaintiff") respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the Actions (described below); (ii) his appointment as Lead Plaintiff in the Actions; and (iii) approval by the Court of his selection of Lead Counsel and Liaison Counsel for the putative class.

## I.      PRELIMINARY STATEMENT

Pugliese filed this class action on behalf of himself and a class consisting of all persons and entities who purchased the common stock of Sonus Networks, Inc. ("Sonus" or the "Company") during the period from June 3, 2003 through February 11, 2004 (the "Class Period"), and suffered damages caused by the Defendants'[1] improper conduct (the "Class"). (Compl. ¶40.)[2]

During the Class Period, the Defendants issued numerous false statements concerning its purportedly strong financial performance and consecutive quarter-over-quarter revenue growth to the investing public. In reality, however, the Company's revenues and other financial statement line items were materially misstated as a direct result of the Company's improper revenue recognition and certain other improper financial practices. On February 11, 2004, Sonus announced that, in connection with its year-end audit, its auditors had uncovered certain improper revenue recognition practices and other issues relating to both the timing of revenue recognized and other financial statement accounts. The Company further revealed that as a result of these improper practices, it may have to restate at least its 2003 financial statements and

---

[1] Defendants in the Actions are: Sonus; Hassan M. Ahmed; and Stephen J. Nill.

[2] References are to the complaint filed in the action *Pugliese v. Sonus Corporation, et al.*, No. 04-cv-10612-DPW, filed on or about March 30, 2004 (hereinafter the "Complaint" or "Compl."), attached as Exhibit ("Ex.") A to the Affidavit of Richard A. Speirs in Support of Motion of Saverio Pugliese for Consolidation and for Appointment of Lead Plaintiff, Lead Counsel and Liaison Counsel (the "Speirs Affidavit").

possibly prior periods as well.

## II.    STATEMENT OF FACTS

Defendant Sonus maintains its principal executive offices at 5 Carlisle Road, Westford, Massachusetts 01886. Sonus's products are a new generation of carrier-class switching equipment and software that enables voice services to be delivered over packet-based networks. These packet-based networks transport traffic in small bundles ("packets"), thereby creating a more efficient and cost-effective means of providing communications services. By enabling voice traffic to be carried over packed-based networks, the Company's products are intended to accelerate the convergence of voice and data onto public communications networks. Defendant Hassan M. Ahmed, at all relevant times, served as the Company's President and Chief Executive Officer. Defendant Stephen J. Nill ("Nill"), at all relevant times, served as the Company's Chief Financial Officer, Vice President of Finance and Administration, and Treasurer. (Compl. ¶¶ 16, 17, 29)

The claims asserted in the various complaints filed in this Court arise from allegations that the Defendants embarked upon a scheme and course of conduct that materially misled the investing community regarding Sonus's revenues, net income and financial condition. Specifically, the Complaint alleges that on February 11, 2004, Sonus announced that an internal review in connection with the Company's year-end audit identified certain issues, practices and actions of certain employees relating to both the timing of revenue recognized from certain customer transactions and to certain other financial statement accounts. The Company further disclosed that it was currently reassessing the proper periods in which revenue should be recognized for those transactions and that revenue or deferred revenue in periods previously reported could be affected as a result of this "reassessment" (Compl. ¶¶46, 47).

2

The Complaint further alleges that defendants were motivated to artificially inflate the Company's stock in order to complete two separate stock offerings and to allow for certain insiders to sell a significant amount of Company stock during the Class Period (Compl. ¶ 52). Based on the foregoing, Defendants' statements concerning Sonus's revenues, net income, financial condition and operations during the Class Period were materially false and misleading at all relevant times.

The Proposed Lead Plaintiff sustained losses in Sonus during the Class Period. (*See* Certification of Saverio Pugliese ("Pugliese Certification") in support of his Motion for Consolidation and for Appointment of Lead Plaintiff, Lead Counsel and Liaison Counsel, attached as Exhibit B to the Speirs Affidavit.) The Proposed Lead Plaintiff seeks appointment as Lead Plaintiff as well as the Court's approval of his choice of lead counsel, Zwerling, Schachter & Zwerling, LLP (the "Zwerling Firm" or "Proposed Lead Counsel"), and his choice of liaison counsel, Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio" or "Proposed Liaison Counsel").

## III.    OVERVIEW OF APPLICABLE LAW

On December 22, 1995, Congress amended the Securities Exchange Act of 1934 (the "Exchange Act") through the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA, among other things, sets forth a procedure for providing putative class members with notice of the pendency of a class action, the claims asserted, the alleged class period and the requirements for selection of lead plaintiff or plaintiffs to prosecute the class actions. 15 U.S.C. § 78u-4(a)(3). Specifically, the PSLRA provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I)     of the pendency of the action, the claims asserted
        therein, and the purported class period; and

(II)    that, not later than 60 days after the date on which the
        notice is published, any member of the purported class
        may move the court to serve as lead plaintiff of the
        purported plaintiff class.

15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice relating to the pending actions against the

Defendants was issued on February 12, 2004, informing Class members that an action had been

filed. (*See* Speirs Affidavit Ex. C.)

    The PSLRA directs the Court to consider any motions (brought within sixty days) by

putative class members to serve as lead plaintiffs in response to any such notice: (i) no later than

ninety days after the date of publication of the aforementioned notice; or (ii) if more than one

action asserting substantially the same claim or claims has been filed and any party has sought to

consolidate those actions for pretrial purposes or trial, as soon as practicable after the Court

decides the pending motion(s) to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

    The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" to serve

as lead plaintiff is the person who:

(aa)    has either filed the complaint or made a motion in response to [aforementioned]
        notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief
        sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
        Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, the Proposed Lead Plaintiff satisfies these

statutory requirements.

**IV.    THE ACTIONS SHOULD BE CONSOLIDATED**

4

The Exchange Act establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one securities class action asserting similar claims has been filed. First, the court shall decide whether to consolidate the various cases and thereafter decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Presently pending in this District are no fewer than nineteen related securities class actions. These actions ("Actions") are:

| Case Name | Case No. |
|---|---|
| Deborah Chin, et al. v. Sonus Networks, Inc., et al. | 04-CV-10294-DPW |
| Michelle Trebitsch, et al. v. Sonus Networks, Inc., et al. | 04-CV-10307-DPW |
| Information Dynamics, LLC, et al. v. Sonus Networks, Inc., et al. | 04-CV-10038-DPW |
| Peter Kaltman, et al. v. Sonus Networks, Inc., et al. | 04-CV-10309-DPW |
| Samantha Den, et al. v. Sonus Networks, Inc., et al. | 04-CV-10310-DPW |
| Richard Curtis, et al. v. Sonus Networks, Inc., et al. | 04-CV-10314-MLW |
| Ronald Kassover, et al. v. Sonus Networks, Inc., et al. | 04-CV-10329-DPW |
| Steve L. Baker, et al. v. Sonus Networks, Inc., et al. | 04-CV-10333-DPW |
| Michael Kaffee, et al. v. Sonus Networks, Inc., et al. | 04-CV-10345-DPW |
| Haiming Hu, et al. v. Sonus Networks, Inc., et al. | 04-CV-10346-DPW |
| Charles Starbuck, et al. v. Sonus Networks, Inc., et al. | 04-CV-10362-DPW |
| Samuel Ho, et al. v. Sonus Networks, Inc., et al. | 04-CV-10363-DPW |
| Jeffrey C. Rodrigues, et al. v. Sonus Networks, Inc., et al. | 04-CV-10364-DPW |
| Robert Conte, et al. v. Sonus Networks, Inc., et al. | 04-CV-10382-DPW |
| Wheaton Electrical Services Retirement 401K Profit Sharing Plan, et al. v. Sonus Networks, Inc., et al. | 04-CV-10383-DPW |
| Brian Clark, et al. v. Sonus Networks, Inc., et al. | 04-CV-10454-DPW |
| Sheila Brownwell, et al. v. Sonus Networks, Inc., et al. | 04-CV-10597-DPW |
| Saverio Pugliese, et al. v. Sonus Networks, Inc., et al. | 04-CV-10612-DPW |
| David V. Nocito, et al. v. Sonus Networks, Inc., et al. | 04-CV-10623-DPW |

These Actions all arise from the same set of events and allege similar factual and legal

issues. Each of the Actions has been filed pursuant to Sections 10(b) and 20(a) of the Exchange Act and alleges that the Defendants engaged in a scheme and course of conduct that materially misrepresented Sonus's revenues, net income and financial condition during the Class Period. Because each of the Actions involves common questions of law and fact, consolidation is appropriate in the interest of judicial economy and for the convenience of the parties and the witnesses. *See* FED. R. CIV. P. 42(a); *Howard Gunty Profit Sharing Plan v. Carematrix Corp.*, No. C.A. 99-12318-MLW, 2000 WL 33348124, at *3 (D. Mass. Aug. 15, 2000) (attached hereto as Ex. A); *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001); *In re Lucent Tech., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001).

The PSLRA contemplates a ninety-day period from the early notice publication to the selection of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Because the selection of a lead plaintiff and lead counsel is the necessary first step to prosecute the Actions, the Proposed Lead Plaintiff respectfully requests that the Court to grant the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under FED. R. CIV. P. 42(a), given the common questions of law and fact presented by the Actions.

## V.    THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

As amended by the PSLRA, the Exchange Act provides a structure for the appointment of lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Because the Proposed Lead Plaintiff meets the requirements of the "most adequate plaintiff" as defined by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii), he should be appointed to serve as lead plaintiff of the Class.

**A.    Motion to Serve as Lead Plaintiff is Timely**

The Proposed Lead Plaintiff has either filed a complaint or timely moved for appointment as lead plaintiff. In compliance with the PSLRA, the earliest notice informing Class members of the pendency of a class action against the Defendants, and of his right to file a motion for appointment as lead plaintiff, was published on February 12, 2004. Within sixty days after publication of the notice, any person who is a member of the proposed class may move the court to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The Proposed Lead Plaintiff's motion to serve as lead plaintiff is filed in a timely fashion. Thus, the initial requirement is satisfied.

**B.    The Proposed Lead Plaintiff Is Believed To Have the Largest Financial Interest in the Relief Sought by the Class**

Pursuant to the PSLRA, the next consideration in determining the "most adequate plaintiff" to serve as lead plaintiff is, in the determination of the court, the plaintiff with the largest financial interest. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Proposed Lead Plaintiff believes at this time that he has the largest financial interest in the relief sought by the Class. (*See* Pugliese Certification).

Although the PSLRA's amendments to the Exchange Act do not specifically indicate the manner in which the "largest financial interest" should be calculated, the statute provides that a plaintiff's damages in any securities fraud class action may be measured by:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

Alternatively, where the plaintiff continues to hold the security that is the subject of the

7

action, the PSLRA provides for damages to be measured by:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. § 78u-4(e)(1).

Courts have held that four factors are relevant to the manner in which the "largest financial interest" is calculated: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (attached hereto as Ex. B); *see also In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998). The Pugliese Certification (Ex. B to the Speirs Affidavit) fully sets forth facts relevant to determine the Proposed Lead Plaintiff's financial interest in the relief sought by the Class.

Moreover, the PSLRA was intended to encourage investors like Pugliese to come forward to serve as lead plaintiff. Congress sought to "protect[] investors who join class actions against lawyer-driven lawsuits by giving control of the litigation to lead plaintiffs with substantial holdings of the securities of the issuer." H.R. REP. NO. 104-369, at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 731 (attached hereto as Ex. C); *accord* S. REP. NO. 104-98, at 4 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 683 (attached hereto as Ex. D) (Congress "intends…to empower investors so that they - not their lawyers - exercise primary control over private securities litigation…."); S. REP. 104-98, at 6, 1995 U.S.C.C.A.N. at 685 (The PSLRA seeks "to transfer primary control of private securities litigation from lawyers to investors."); S. REP. 104-98, at 10, 1995 U.S.C.C.A.N. at 689 ("The lead plaintiff should actively represent the

class. The Committee believes that the lead plaintiff - not lawyers - should drive the litigation.").

Thus, the appointment of Pugliese as the Lead Plaintiff would comply with the sound policy instituted by the PSLRA that securities class actions be controlled by investors with substantial holdings.

**C.     The Proposed Lead Plaintiff Satisfies the Requirements of Rule 23**

In addition to satisfying the specific requirements set forth above, the proposed lead plaintiff must also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class, (3) the claims
> or defenses of the representative parties are typical of the claims or
> defenses of the class, and (4) the representative parties will fairly and
> adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

For purposes of appointing a lead plaintiff, however, a wide-ranging analysis under Rule 23 is not appropriate.  *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999) (citing *Fischler v. AmSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429 (Feb. 6 1997 M.D. Fla.)); *see In re Milestone*, 183 F.R.D. at 414 (same). Rather, the court's focus should rest on the requirements of typicality and adequacy of the proposed lead plaintiff. *See In re Lernout & Hauspie Sec. Litig.* 138 F. Supp. 2d 39, 46 (D. Mass. 2001); *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000); *In re Party City,* 189 F.R.D. at 106.  As discussed below, the Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23(a), thereby supporting his appointment as Lead Plaintiff.

(1)     **The Proposed Lead Plaintiff's Claims are Typical of the Claims of the Class**

Rule 23(a)(3) is satisfied when the named plaintiff's claims arise from the same series of events and are based upon the same legal theories as the claims of the class members. *See In re Lucent*, 221 F. Supp. 2d at 486-87; *In re Milestone*, 183 F.R.D. at 415. However, the typicality requirement does not insist on identical claims, but rather that the claims share a common element of fact or law. *See Fields*, 198 F.R.D. at 456; *In re Party City*, 189 F.R.D. at 106.

The Proposed Lead Plaintiff's claims are typical of those of the Class. Like all Class members, Pugliese's claims arise out of allegations that the Defendants embarked upon a scheme and course of conduct in which they issued a series of material misrepresentations regarding Sonus's revenues, net income and financial condition during the Class Period. Like all Class members, Pugliese suffered damages when Sonus announced that it would restate its financial results. Thus, Pugliese satisfies the typicality requirement.

(2)     **The Proposed Lead Plaintiff Will Fairly and Adequately Represent the Interests of the Class**

The PSLRA directs the Court, in evaluating the adequacy of the proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the class. The primary elements of adequate representation are: (i) the representative must have common interests with the unnamed members of the class; and (ii) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *See Fields*, 198 F.R.D. at 457; *In re Milestone*, 183 F.R.D. at 416.

Here, the Proposed Lead Plaintiff's interests are clearly aligned with those of the other Class members. As detailed above, the Proposed Lead Plaintiff's claims share common questions of law and fact with the Class, and his claims are typical of the other Class members.

Further, by virtue of his financial interests and choice of lead counsel and liaison counsel, it is clear that Pugliese will vigorously prosecute the interests of the Class.

**D.    The Court Should Approve the Proposed Lead Plaintiff's Choice of Lead Counsel and Liaison Counsel**

Pursuant to the PSLRA, the lead plaintiff is permitted, subject to the Court's approval, to select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Proposed Lead Plaintiff has selected and retained the Zwerling Firm to represent him and the putative Class as Proposed Lead Counsel. Pugliese has also chosen Berman DeValerio to act as Proposed Liaison Counsel. As fully set forth in Exhibits D and E to the Speirs Affidavit, Proposed Lead Counsel and Proposed Liaison Counsel have extensive experience in the areas of securities litigation and other complex litigation, and have prosecuted many securities fraud class actions. In that regard, Proposed Lead Counsel has been responsible for significantly successful results on behalf of injured investors in numerous securities class action lawsuits, as well as legal decisions that enable litigation such as this to be successfully prosecuted. (*See* Speirs Affidavit Ex. D.) Proposed Liaison Counsel has also been responsible for significantly successful results in class action lawsuits. (*See* Speirs Affidavit Ex. E.)

**VI.    CONCLUSION**

For the foregoing reasons, the Proposed Lead Plaintiff respectfully requests that the Court: (1) consolidate the Actions, (2) grant his motion to appoint him Lead Plaintiff in the Actions; and (3) approve his choice of Zwerling Schachter as Lead Counsel and Berman DeValerio as Liaison Counsel for the putative Class.

Dated: April 12, 2004

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

By: *Nicole R Starr*

Jeffrey C. Block, BBO # 600747
Michael T. Matraia, BBO # 633049
Nicole R. Starr, BBO #654848
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300

*Proposed Liaison Counsel for the Class*

**ZWERLING, SCHACHTER & ZWERLING, LLP**

Richard A. Speirs
Kevin M. McGee
845 Third Avenue
New York, NY 10022
Phone:  (212) 223-3900
Fax:     (212) 371-5969

*Proposed Lead Counsel for the Class*