# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH CHIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 04-CV-10294-DPW |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| SONUS NETWORKS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| MICHELLE TREBITSCH, On Behalf of Herself and All Others Similarly Situated, | ) ) ) ) | Civil Action No. 04-CV-10307-DPW |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| SONUS NETWORKS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

[Caption continued on following page.]

**GLOBAL UNDERVALUED SECURITIES MASTER FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES FOR ALL PURPOSES AND FOR AN ORDER REQUIRING PRESERVATION OF DOCUMENTS**

| | |
|---|---|
| INFORMATION DYNAMICS, LLC, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10308-DPW<br><br>CLASS ACTION |
| PETER KALTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10309-DPW<br><br>CLASS ACTION |
| SAMANTHA DEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10310-DPW<br><br>CLASS ACTION |

[Caption continued on following page.]

| | |
|---|---|
| RICHARD CURTIS, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>        Defendants. | Civil Action No. 04-CV-10314-MLW<br><br>CLASS ACTION |
| RONALD KASSOVER, On Behalf of the Ronald Kassover IRA and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>        Defendants. | Civil Action No. 04-CV-10329-DPW<br><br>CLASS ACTION |
| STEVE L. BAKER, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>        Defendants. | Civil Action No. 04-CV-10333-DPW<br><br>CLASS ACTION |

[Caption continued on following page.]

MICHAEL KAFFEE, Individually and On Behalf of All Others Similarly Situated, )

               Plaintiff,

     vs.

SONUS NETWORKS, INC., et al.,

               Defendants.

Civil Action No. 04-CV-10345-DPW

<u>CLASS ACTION</u>

---

HAIMING HU, Individually and On Behalf of All Others Similarly Situated,

               Plaintiff,

     vs.

SONUS NETWORKS, INC., et al.,

               Defendants.

Civil Action No. 04-CV-10346-DPW

<u>CLASS ACTION</u>

---

CHARLES STARBUCK, Individually and On Behalf of All Others Similarly Situated,

               Plaintiff,

     vs.

SONUS NETWORKS, INC., et al.,

               Defendants.

Civil Action No. 04-CV-10362-DPW

<u>CLASS ACTION</u>

---

[Caption continued on following page.]

SAMUEL HO, Individually and On Behalf of )    Civil Action No. 04-CV-10363-DPW
All Others Similarly Situated,            )
                                          )    <u>CLASS ACTION</u>
                    Plaintiff,            )
                                          )
            vs.                           )
                                          )
SONUS NETWORKS, INC., et al.,             )
                                          )
                    Defendants.           )
                                          )
_____   )
JEFFREY C. RODRIGUES, Individually and    )    Civil Action No. 04-CV-10364-DPW
On Behalf of All Others Similarly Situated,)
                                          )    <u>CLASS ACTION</u>
                    Plaintiff,            )
                                          )
            vs.                           )
                                          )
SONUS NETWORKS, INC., et al.,             )
                                          )
                    Defendants.           )
                                          )
_____   )
ROBERT CONTE and MARK RESPLER,            )    Civil Action No. 04-CV-10382-DPW
Themselves and On Behalf of All Others    )
Similarly Situated,                       )    <u>CLASS ACTION</u>
                                          )
                    Plaintiffs,           )
                                          )
            vs.                           )
                                          )
SONUS NETWORKS, INC., et al.,             )
                                          )
                    Defendants.           )
_____   )

[Caption continued on following page.]

WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, On Behalf of Itself and All Others Similarly Situated,

        Plaintiff,

vs.

SONUS NETWORKS, INC., et al.,

        Defendants.

Civil Action No. 04-CV-10383-DPW

CLASS ACTION

---

BRIAN CLARK, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

SONUS NETWORKS, INC., et al.,

        Defendants.

Civil Action No. 04-CV-10454-DPW

CLASS ACTION

---

SHEILA BROWNELL, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

SONUS NETWORKS, INC., et al.,

        Defendants.

Civil Action No. 04-CV-10597-DPW

CLASS ACTION

[Caption continued on following page.]

SAVERIO PUGLIESE, On Behalf of Himself )     Civil Action No. 04-CV-10612-DPW
and All Others Similarly Situated,          )
                                            )     <u>CLASS ACTION</u>
                                            )
                       Plaintiff,           )
                                            )
          vs.                               )
                                            )
SONUS NETWORKS, INC., et al.,               )
                                            )
                       Defendants.          )
                                            )
_____)
DAVID V. NOCITO, On Behalf of Himself       )     Civil Action No. 04-CV-10623-DPW
and All Others Similarly Situated,          )
                                            )     <u>CLASS ACTION</u>
                       Plaintiff,           )
          vs.                               )
                                            )
SONUS NETWORKS, INC., et al.,               )
                                            )
                       Defendants.          )
                                            )
_____)

## I.    INTRODUCTION

On December 22, 1995, Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which, among other things, provides for consolidation of actions. The PSLRA provides, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title ... has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

The PSLRA sets up a two-step process where more than one action on behalf of a class asserting virtually the same claims has been filed. The Court "shall" first decide the consolidation issue and thereafter decide the lead plaintiff issue "[a]s soon as practicable" after the consolidation motion has been decided. *Id.*

Presently pending in this district are 19 related securities class action lawsuits (the "Actions") against Sonus Networks, Inc., et al. ("Sonus" or the "Company"). Given the common questions of fact and law presented by the 19 Actions, plaintiffs urge the Court to consolidate the Actions pursuant to Fed. R. Civ. P. 42(a).

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Chin v. Sonus Networks, Inc., et al.* | 04-CV-10294-DPW | February 12, 2004 |
| *Trebitsch v. Sonus Networks, Inc., et al.* | 04-CV-10307-DPW | February 13, 2004 |
| *Information Dynamics, LLC v. Sonus Networks, Inc., et al.* | 04-CV-10308-DPW | February 13, 2004 |
| *Kaltman v. Sonus Networks, Inc., et al.* | 04-CV-10309-DPW | February 13, 2004 |
| *Den v. Sonus Networks, Inc., et al.* | 04-CV-10310-DPW | February 13, 2004 |
| *Curtis v. Sonus Networks, Inc., et al.* | 04-CV-10314-MLW | February 13, 2004 |
| *Kassover v. Sonus Networks, Inc., et al.* | 04-CV-10329-DPW | February 17, 2004 |

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Baker v. Sonus Networks, Inc., et al.* | 04-CV-10333-DPW | February 18, 2004 |
| *Kaffee v. Sonus Networks, Inc., et al.* | 04-CV-10345-DPW | February 20, 2004 |
| *Hu v. Sonus Networks, Inc., et al.* | 04-CV-10346-DPW | February 20, 2004 |
| *Starbuck v. Sonus Networks, Inc., et al.* | 04-CV-10362-DPW | February 23, 2004 |
| *Ho v. Sonus Networks, Inc., et al.* | 04-CV-10363-DPW | February 23, 2004 |
| *Rodrigues v. Sonus Networks, Inc., et al.* | 04-CV-10364-DPW | February 23, 2004 |
| *Conte, et al. v. Sonus Networks, Inc., et al.* | 04-CV-10382-DPW | February 26, 2004 |
| *Wheaton Electrical Servs. Ret. 401K Profit Sharing Plan v. Sonus Networks, Inc., et al.* | 04-CV-10383-DPW | February 26, 2004 |
| *Clark v. Sonus Networks, Inc., et al* | 04-CV-10454-DPW | March 3, 2004 |
| *Brownell v. Sonus Networks, Inc., et al.* | 04-CV-10597-DPW | March 31, 2004 |
| *Pugliese v. Sonus Networks, Inc., et al.* | 04-CV-10612-DPW | March 30, 2004 |
| *Nocito v. Sonus Networks, Inc., et al.* | 04-CV-10623-DPW | March 31, 2004 |

## II.    SUMMARY OF ACTIONS

The Actions allege a common course of conduct by a common set of defendants under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder, 17 C.F.R §240.10b-5. The Actions name Sonus and certain of its officers and/or directors as defendants. The class actions are all brought on behalf of all persons who purchased Sonus securities during the period between April 9, 2003 and February 12, 2004 (the "Class Period").

Sonus is a provider of voice infrastructure solutions for the new public network. The Company's products are a new generation of carrier-class switching equipment and software that enable voice services to be delivered over packet-based networks. Throughout the Class Period, Sonus reported and projected surging financial results purportedly stemming from increased demand for the Company's products.

In connection with the release of Sonus' financial results, defendants issued a series of public statements during the Class Period designed to increase investor confidence in the Company and the price of Sonus' stock. On April 9, 2003, Sonus announced that for its first quarter 2003, revenues increased 27% sequentially and loss narrowed to $0.02 per share. The Company attributed its purported success to precise management and its addition of new customers on a global basis. During an interview with CNNfn a few days later, defendant Hassam M. Ahmed similarly stated that Company success would continue as a result of a growing customer base that would further infuse capital into Sonus.

On July 14, 2003, Sonus issued a press release for its second quarter 2003 financial results. The Company reported that both revenues and net loss per share improved as compared to both its 1Q03 and its 2Q02. Specifically, revenues for 2Q03 were $21.4 million compared with $16.0 million for 1Q03 and $21.3 million for 2Q02. Net loss for the 2Q03 was $3.2 million compared to a net loss of $4.4 million for 1Q03 and a net loss of $17.8 million for 2Q02. In a *Bloomberg* press release issued a few days later, defendant Ahmed confirmed that the Company was "'driving toward profitability as fast as we can.'"¶19.[1] During its 2Q02 conference call and again in an August 1, 2003 press release, Sonus also stated that it expected revenues for its third quarter 2003 results to increase by 15%-20% over reported 2Q03 revenues.

On October 8, 2003, Sonus issued a press release for its 2Q03 financial results, in which it reported that its revenue increased 34% sequentially and 285% over the previous year. The Company also reported earnings of $2.35 million, or a penny a share, compared to a loss of $14.6

---

[1] Unless otherwise indicated, all paragaph ("¶__" or "¶¶ ___") references are to the complaint captioned *Information Dynamics, LLC v. Sonus Network, Inc., et al.*, Case No. 04-CV-10308-DPW, filed on February 13, 2004.

- 3 -

million, or $0.08 a share, for 2Q02. Sonus surpassed analysts' expectations of a loss of a penny a share for the Company's 3Q03. As a result, shares of Sonus rose $0.27 to $8.30, and further rose to $8.93 a share in after-hours trading that day. In a *Bloomberg* press release issued the next day, defendant Ahmed claimed that the Company was able to "consistently grow our top line, our revenues" through the addition of major new customers and careful management of expenses. ¶24. Moreover, Sonus provided guidance for the following quarter, expecting earnings to be about the same as 3Q03 and revenues to grow by 10%-15%.

On January 20, 2004, however, Sonus reported that it would delay release of its fourth quarter 2003 results pending the completion of an audit. ¶27. Then, on February 11, 2004, the Company shocked investors when it revealed that improper revenue recognition during 2003, and possibly earlier, would further delay release of the Company's financial statement for its year end 2003 and cause the Company to reassess its already reported financial statements for the applicable periods. On this news Sonus' stock price collapsed below $6 per share on extraordinary volume. ¶4.

On March 29, 2004, Sonus issued a press release entitled "Sonus Networks Provides Update on Status of Its Financial Results." The release stated that the Company, "having made substantial progress towards the completion of its review of 2003 and 2002 financial results, is now considering whether to expand the review to include additional prior periods." The release went on to state:

> Sonus Networks is performing a detailed review of the timing of revenue recognized from customer transactions and of other financial statement accounts. The revenue issues under examination relate to the proper timing of revenue recognition and not whether the sales could ultimately be recorded as revenue. For the customer transactions under review, the products have been delivered and Sonus Networks has either received payment or is receiving payment for the products in the ordinary course.

> At this time, the Company expects that its review will lead to a restatement of historical financial statements for the fiscal year ended December 31, 2002 and for the first three quarters of fiscal year 2003. As a result, existing financial statements for those periods should not be relied upon. Sonus Networks does not expect that

- 4 -

these restatements will impact its December 31, 2003 cash, cash equivalents and marketable securities balance, which exceeded $300 million.

*    *    *

As a result of the Company's delay in filing its Form 10-K for 2003, Sonus Networks expects to receive notification from Nasdaq that it is not in compliance with the filing requirements for continued listing on Nasdaq and that its securities could be subject to delisting from the Nasdaq National Market.

The following day, on March 30, 2004, Sonus issued a release entitled "Sonus Networks Receives Expected Notice Related to Late Filing for Its Form 10-K." The release stated in part "that consistent with the information provided in its press release on March 29, 2004, the Company has received a Nasdaq Staff Determination. The letter indicate[d] that because the Company has not timely filed its Form 10-K for the fiscal year ended December 31, 2003, it is not in compliance with the Nasdaq continued listing requirements set forth in Nasdaq Marketplace Rule 4310(c)(14)." The Company then stated that it "will request a hearing with the Nasdaq Listing Qualifications Panel within seven days of the date of the Determination for continued listing on the Nasdaq National Market. Sonus Networks' securities will remain listed on the Nasdaq National Market pending the outcome of the hearing. There can be no assurance that the Panel will grant a request for continued listing."

Ultimately, Sonus will have to admit that it improperly recognized revenue for 4Q03 and FY03 and restate results for those periods to remove millions in improperly reported revenues so that their financial statements comply with Generally Accepted Accounting Principles ("GAAP") and SEC rules.

Because the Company's stock was trading at artificially inflated levels due to financial results achieved through improper revenue recognition, defendants were able to complete a public offering of 20 million shares on April 22, 2003, through which over $60 million was raised. Further, the improper revenue recognition allowed defendants Edward N. Harris, Paul R. Jones and J. Michael

O'Hara to illegally profit by selling tens of thousands of shares of artificially inflated Sonus stock during the Class Period. Investors, on the other hand, were left holding the bag, losing millions of dollars on their investment in Sonus as a result of defendants' wrongful conduct.

## III.    ARGUMENT

### A.    This Court Should Consolidate the Actions

When actions involving common questions of law or fact are pending before a court, it may order a joint hearing or trial of any or all the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. *See* Fed. R. Civ. P. 42(a).

This Court has the discretion to consolidate cases relating to the same subject matter and any related case later filed in this Court or otherwise transferred or removed to this Court. *Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989); *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001).

The 19 Actions pending before this Court present virtually identical factual and legal issues, and each names Sonus and virtually the same officers and directors as defendants. Each of the actions allege violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder and raise the following common questions of law and fact:

1.    Whether the federal securities laws were violated by defendants' acts as alleged herein;

2.    Whether the statements disseminated to the investing public and securities markets by defendants misrepresented and/or omitted material facts necessary to make the statements not misleading;

3.    Whether defendants knew or had reasonable grounds to believe that their statements were false and misleading;

- 6 -

4.    Whether the market price of Sonus' securities during the Class Period was artificially inflated due to the misrepresentations and/or non-disclosures alleged; and

5.    The extent of damages suffered by members of the class.

Courts have consistently recognized that securities class actions are, in particular, ideally suited for consolidation pursuant to Fed. R. Civ. P. 42, because their unification expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citing *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973)).  Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties.  Moreover, consolidation will reduce the confusion and delay that may result from prosecuting related class action cases separately. *Id.*

Consolidation of related actions is proper and appropriate even if the defendants named are not identical and the alleged class periods differ.  In granting a motion for consolidation, the court in *Lloyd v. Indust. Bio-Test Labs., Inc.*, 454 F. Supp. 807 (S.D.N.Y. 1978), stated:

> Indeed, this action and *Desimone* differ only in that (1) plaintiff here purchased Syntex options rather than Syntex common stock, (2) the putative class period here is slightly shorter than that in *Desimone*, and (3) three individual defendants named in *Desimone* are not named here.  The legal and factual issues in both actions are otherwise identical.  We, therefore, conclude that the two suits involve "common question[s] of law or fact."

*Id.* at 812 (citation omitted).  Similarly, in *In re Food Fair Sec. Litig.*, 465 F. Supp. 1301 (J.P.M.L. 1979), the Judicial Panel on Multidistrict Litigation found that related cases which include class action allegations, which differed only in purported length of the class period, involve common questions of law and fact and may properly be transferred and consolidated.

## IV.    THIS COURT SHOULD ORDER THE PRESERVATION OF DOCUMENTS

Global Securities also requests that the Court order the preservation of documents relating to the consolidated actions in accordance with 15 U.S.C. §78u-4(b)(3)(C)(i), both prior to and after the filing of any motion to dismiss. In complex securities cases involving companies with numerous employees, such an order is appropriate and will prevent the loss of key documents, whether through inadvertence or otherwise.

## V.    CONCLUSION

For the above reasons and in order to promote judicial economy, plaintiffs respectfully request that the Court consolidate the above-referenced related actions and order the preservation of documents.

DATED:  April 12, 2004

Respectfully Submitted,

MELICK, PORTER & SHEA, LLP
RICHARD J. SHEA (BBO 456310)
JOHN E. DeWICK (BBO 654723)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each party by
mail on   4/12/04

_____
JOHN E. DeWICK

28 State Street
Boston, MA  02109
Telephone: 617/523-6200
617/523-8130 (fax)

[Proposed] Liaison Counsel

- 8 -

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
TRAVIS E. DOWNS III
RAMZI ABADOU
THOMAS E. GLYNN
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Sonus Networks CA\BRF00008490.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.     That on April 12, 2004, Declarant served GLOBAL UNDERVALUED SECURITIES MASTER FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES FOR ALL PURPOSES AND FOR AN ORDER REQUIRING PRESERVATION OF DOCUMENTS by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of April, 2004, at San Diego, California.

SHARON E. FORD

SONUS NETWORKS-CA

Service List - 4/6/2004    (04-0069)

Page 1 of 5

## Counsel For Defendant(s)

John R. Baraniak, Jr.
Robert S. Frank, Jr.
Choate, Hall & Stewart
53 State Street, Exchange Place
Boston, MA  02109-2891
  617/248-5000
  617/248-4000 (Fax)

James W. Prendergast
Jeffrey B. Rudman
Daniel W. Halston
Hale And Dorr
60 State Street
Boston, MA  02109
  617/526-6000
  617/526-5000 (Fax)

Thomas J. Dougherty
Matthew J. Matule
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA  02108
  617/573-4800
  617/573-4822 (Fax)

## Counsel For Plaintiff(s)

Jeffrey C. Block
Michael T. Matraia
Shannon L. Hopkins
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02109
  617/542-8300
  617/542-1194 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
333 E. City Avenue, Suite 602
Bala Cynwyd, PA  19004
  610/667-6200
  610/667-9029 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Cauley Geller Bowman & Rudman, LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Steven J. Toll
Daniel S. Sommers
Julie Goldsmith
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
  202/408-4600
  202/408-4699 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004    (04-0069)

Page 2 of  5

Jonathan M. Plasse
Goodkind Labaton Rudoff & Sucharow, LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563
   212/907-0700
   212/818-0477 (Fax)


Bruce G. Murphy
Law Offices of Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL  32963
   772/231-4202
   772/234-0440 (Fax)


Marc S. Henzel
Law Offices of Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
   610/660-8000
   610/660-8080 (Fax)


Richard A. Lockridge
Karen H. Riebel
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
   612/339-6900
   612/339-0981 (Fax)


Brian M. Felgoise
Law Offices of Brian M. Felgoise
261 Old York Road, Suite 423
Jenkintown, PA  19046
   215/886-1900


Charles J. Piven
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
   410/332-0030
   410/685-1300 (Fax)


Richard J. Vita
Law Offices of Richard J. Vita
77 Franklin Street, Suite 300
Boston, MA  02110
   617/426-6566
   617/357-1612 (Fax)


Steven G. Schulman
Richard H. Weiss
Peter E. Seidman
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY  10119
   212/594-5300
   212/868-1229 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004    (04-0069)

Page 3 of 5

William S. Lerach
Travis E. Downs III
Thomas E Glynn
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA 02109
  617/369-7979
  617/369-7980 (Fax)

Eric J. Belfi
Murray Frank & Sailer, LLP
275 Madison Avenue, Suite 801
New York, NY 10016
  212/682-1818
  212/682-1892 (Fax)

Laurence D. Paskowitz
Paskowitz & Associates
271 Madison Avenue, 20th Floor
New York, NY 10016
  212/685-0969
  212/685-2306 (Fax)

Marc I. Gross
Joseph Gentile
Pomerantz Haudek Block Grossman & Gross
LLP
100 Park Avenue, 26th Floor
New York, NY 10017-5516
  212/661-1100
  212/661-8665 (Fax)

M. Clay Ragsdale IV
Ragsdale & Frese LLC
1929 Third Avenue North
550 Farley Building
Birmingham, AL 35253-0924
  205/251-4775
  205/251-4777 (Fax)

Roy L. Jacobs
Roy L. Jacobs Attorney At Law
60 East 42nd Street, 46th Floor
New York, NY 10165
  212/867-1156
  212/504-8343 (Fax)

Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
  860/493-6292
  860/493-6290 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004   (04-0069)

Page 4 of 5

Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
  610/667-7706
  610/667-7056 (Fax)

Samuel P. Sporn
Christopher Lometti
Frank R. Schirripa
Schoengold & Sporn, P.C.
19 Fulton Street, Suite 406
New York, NY 10038
  212/964-0046
  212/267-8137 (Fax)

Ralph M. Stone
Shalov Stone & Bonner LLP
485 Seventh Avenue, Suite 1000
New York, NY 10018
  212/239-4340
  212/239-4310 (Fax)

Thomas G. Shapiro
Theodore M. Hess-Mahan
Shapiro Haber & Urmy, LLP
75 State Street
Boston, MA 02109
  617/439-3939
  617/439-0134 (Fax)

Jules Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY 10017
  212/687-7230
  212/490-2022 (Fax)

Robert I. Harwood
Samuel K. Rosen
Wechsler Harwood LLP
488 Madison Avenue, 8th Floor
New York, NY 10022
  212/935-7400
  212/753-3630 (Fax)

Joseph H. Weiss
Jack I. Zwick
Weiss & Yourman
551 Fifth Avenue, Suite 1600
New York, NY 10176
  212/682-3025
  212/682-3010 (Fax)

Marian P. Rosner
Michael A. Schwartz
Renee L. Karalian
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
  212/759-4600
  212/486-2093 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004     (04-0069)

Page 5 of 5

Eduard  Korsinsky
Zimmerman, Levi & Korsinsky, LLP
39 Broadway, Suite 1440
New York, NY  10006
  212/363-7500
  212/363-7171 (Fax)

Richard A. Speirs
Shaye  Fuchs
Zwerling, Schachter & Zwerling, LLP
767 Third Avenue
New York, NY  10017-2023
  212/223-3900
  212/371-5969 (Fax)